The Honorable John E. Miller State Representative P.O. Box 436 Melbourne, Arkansas 72556
Dear Representative Miller:
This is in response to your request for an opinion on two questions involving the salary of a municipal judge. Specifically, you wish to know what the maximum salary of the Melbourne Municipal Judge is in light of Act 1031 of 1987 (A.C.A.16-17-108), Act 873 of 1989, and Amendment 43 to the Arkansas Constitution.
Act 1031 of 1987 (A.C.A. 16-17-108 (kkk)), provides in pertinent part as follows:
 The Melbourne Municipal Court Judge shall receive an annual salary of not less than three thousand six hundred dollar [sic] ($3,600) nor more than ten thousand dollars ($10,000).
Act 873 of 1989, Section (65) provides in pertinent part as follows: The Melbourne Municipal Court Judge shall receive an annual salary of not less than $6,000, nor more than $7,200. . .
Amendment 43 to the Arkansas Constitution provides:
 The General Assembly shall by law determine the amount and method of payment of salaries and expenses of the judges of the Supreme Court, Circuit Courts, Chancery Courts, and Municipal Courts of Arkansas; provided such salaries and expenses may be increased but not diminished during the term for which such judges are elected; provided further that the salaries of Circuit and Chancery Judges shall be uniform throughout the state.
Your specific questions arising in light of the above provisions are as follows:
 1. If upon the enactment of Act 873 of 1989, the Melbourne Municipal Judge was drawing a salary of less than the maximum $10,000 authorized by Act 1031 of 1987 but more than the maximum $7,200 authorized by Act 873 of 1989, is the Melbourne Municipal Judge authorized to be paid an annual salary in excess of the maximum $7,200 salary prescribed in Act 873 of 1989?
 2. If the answer to the first question is "yes", what is the maximum annual salary the Melbourne Municipal Judge is authorized to be paid?
It is my opinion, in response to your first question, that the legislature may not reduce the salary of a municipal judge during the term for which he is elected. If the municipal judge you describe was receiving an annual salary in excess of $7,200 in his current term, then it is my opinion that the legislature may not reduce it until the end of the term. Amendment 43, in my opinion, states clearly that the salary shall not be reduced "during the term for which such judges are elected". Hence, a municipal judge cannot constitutionally suffer a salary reduction mid-term. The answer to your first question, based upon the above scenario, is "yes".
In response to your second question, (what is the maximum amount the Melbourne Municipal Judge is authorized to be paid), it is my opinion that the maximum amount authorized is the amount now being paid. Act 873 of 1989 attempts to lower the maximum below the actual salary figure now paid. It cannot constitutionally do so. The maximum is thus frozen at the current rate. At the commencement of the next term, the maximum set by Act 873 of 198 (65) will become operative.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.